11-1537
Lopez v. Kirkpatrick

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the  13th day of December, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> RALPH K. WINTER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

Peter Lopez,

> *Plaintiff-Appellant,*

> -v.-                                                                11-1537

Robert A. Kirkpatrick, Superintendent Wende Correctional Facility, *et al.*,

> *Defendants-Appellees.*

_____

FOR APPELLANT:                Peter Lopez, *pro se*, Sullivan Correctional Facility, Fallsburg, New York.

FOR APPELLEES:          Barbara D. Underwood, Solicitor General, Denise A. Hartman, Kate H. Nepveu, Assistant Solicitors General, *Of Counsel*, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from an order of the United States District Court for the Western District of New York (Scott, *M.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court's March 31, 2011 judgment is **AFFIRMED**.

Appellant Peter Lopez, *pro se*, appeals from the district court's March 31, 2011 judgment granting the appellees' motion for summary judgment and dismissing his second amended complaint alleging violations of the Americans with Disabilities Act, 29 U.S.C. §§ 12101 *et seq.* ("ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 799 *et seq.*, the Eighth and Fourteenth Amendments, and New York State Human Rights Law, N.Y. Exec. L. §§ 296 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review an order granting summary judgment *de novo* and focus on whether the district court properly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted). However, reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment

2

motion. *See Yin Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993); Fed R. Civ. P. 56(e). This Court will only affirm the dismissal of a claim on summary judgment if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Terry*, 336 F.3d at 137 (internal quotation omitted).

Here, an independent review of the record and the relevant case law reveals that, for substantially the same reasons stated in the magistrate judge's well-reasoned March 30, 2011 decision, the magistrate judge properly granted the Defendants' summary judgment motion. Lopez's primary contention is that the Defendants failed to reasonably accommodate his visual impairment[1] while confined in the special housing unit for assaulting another inmate. He argues that he was denied access to visual aids and that he was forced to rely on the help of other inmates to perform necessary tasks. The magistrate judge erred, according to Lopez, by failing to consider affidavits by two inmates who stated that they assisted Lopez in reading legal mail, filling out prison-account forms, and preparing a challenge to his state court conviction.

We disagree. The magistrate judge properly found that Lopez's proposed accommodations posed a security risk. "[F]ederal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment . . . especially . . . in the fine-tuning of the ordinary incidents of prison life[.]" *Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Lopez argues that the magistrate judge erred in failing to credit the affidavit of Cynthia Flowers, a former civilian employee of the Department of Corrections and Community

---

[1] The Defendants do not dispute that Lopez's impairment constitutes a disability under the ADA and Section 504 of the Rehabilitation Act.

Supervision assigned to assist vision-impaired inmates, which stated that she advised the Defendants to return, *inter alia*, a typewriter, reading scanner, and talking dictionary to Lopez. However, Flowers's affidavit did not create a material issue of fact regarding whether the Defendants failed to reasonably accommodate Lopez's disability. Lopez does not dispute that the Defendants provided him with several visual aids, including pens for the visually impaired, large-print materials, an electric magnifier, and the assistance of an Instructor of the Blind who offers writing services to visually impaired inmates. The failure to provide Lopez with the specific accommodations of his choosing does not violate the ADA or the Rehabilitation Act.

Finding no merit in Lopez's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4